AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
SIN-TING MARY LIU (282884)
17 E. Main St.
Suite 200
Pensacola, FL 32501
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com

AYLSTOCK, WITKIN, KREIS & OVERHOLTZ, PLLC
R. Jason Richards (To be admitted *Pro Hac Vice*)
17 E. Main St.
Suite 200
Pensacola, FL 32501
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: jrichards@awkolaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BETH BOWEN, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>    v.<br><br>ENERGIZER HOLDINGS, INC., EDGEWELL PERSONAL CARE COMPANY, EDGEWELL PERSONAL CARE BRANDS, LLC, EDGEWELL PERSONAL CARE, LLC, PLAYTEX PRODUCTS, INC., SUN PHARMACEUTICALS, LLC;<br><br>        Defendants. | Case No.: 21-4356<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATIONS OF THE UNFAIR COMPETITION LAW, Business and Professions Code § 17200, e*t seq.*; and<br>2. VIOLATIONS OF THE FALSE ADVERTISING LAW, Business & Professions Code §17500, *et. seq.*<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff, Beth Bowen ("Plaintiff"), individually and on behalf of all others similarly situated throughout the State of California, files this Class Action Complaint ("CAC") against Defendants Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively, "Defendants"), and in support states the following:

## NATURE OF THE ACTION

1       This is a class action lawsuit by Plaintiff, and others similarly situated, who purchased Banana Boat sunscreen products manufactured, marketed, sold and/or distributed by Defendants. Defendants distribute, market and sell several over-the-counter sunscreen products under their brand name "Banana Boat." Several of Defendants' Banana Boat sunscreen products have been independently tested and shown to be adulterated with benzene, a known human carcinogen. The presence of benzene in Defendants' Banana Boat sunscreen products was not disclosed in the products' label, in violation of state and federal law. Plaintiff and the putative class suffered economic damages due to Defendants' misconduct (as set forth below) and they seek injunctive relief and restitution for the full purchase price of the sunscreen product(s) they purchased. Plaintiff alleges the following based upon personal knowledge as well as investigation by counsel, and as to all other matters, upon information and belief. Plaintiff further believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over all causes of action asserted herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the matter in controversy

exceeds the sum or value of $5,000,000 exclusive of interest and costs and is a class action in which there are more than 100 class members and many members of the class are citizens of a state different than Defendants.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Plaintiff suffered injury as a result of Defendants' acts in this district, many of the acts and transactions giving rise to this action occurred in this district,[1] Defendants conduct substantial business in this district, Defendants have intentionally availed themselves of the laws and markets of this district, and Defendants are subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

4.   A substantial portion of the transactions and wrongdoings which gave rise to the claims in this action occurred in the County of Los Angeles, and as such, this action is properly assigned to the Western division of this Court.

## THE PARTIES

5.     Plaintiff Beth Bowen resides in Palos Verdes, California, and at all times relevant hereto has been a resident of the County of Los Angeles. Between 2017 and 2020, Plaintiff purchased numerous Banana Boat brand sunscreen products, including Banana Boat Ultra Sport Sunscreen SPF 100, Banana Boat Ultra Sport Sunscreen SPF 50, and Banana Boat Ultra Sport Sunscreen SPF 30, from Rite Aid, located at 23 Peninsula Center, Palos Verdes Peninsula, CA 90274, and CVS, located at 901 Silver Spur Rd., Rolling Hills Estates, CA 90274. During this time, Plaintiff was unaware that Defendants' sunscreen products may be adulterated with benzene. Plaintiff purchased the Defendants' sunscreen products on the assumption that the labeling of these products was accurate and that the products were unadulterated, safe and

---

[1] *See* Exhibit A (Declaration of SIN-TING MARY LIU pursuant to California Civil Code §1780(d)).

effective. Plaintiff would not have purchased Defendants' sunscreen products had she known there was a risk the products may contain benzene, a known human carcinogen. As a result, Plaintiff suffered injury in fact when she spent money to purchase sunscreen products she would not otherwise have purchased absent Defendants' misconduct, as alleged herein.

6.     Defendant Energizer Holdings, Inc. ("Energizer") is a Missouri corporation, having a principal place of business at 533 Maryville University Drive, St. Louis, Missouri 63141. Energizer manufactures, distributes, markets and/or sells sun care products under the Banana Boat brand to consumers nationwide, including California. Energizer may be served via its registered agent at: C T Corporation System, at 120 S. Central Ave., Clayton, MO 63015.

7.     Edgewell Personal Care Company is a foreign business corporation with its principal place of business in Chesterfield, Missouri. Edgewell Personal Care Company is licensed to and does business throughout the United States, including California. Edgewell Personal Care Company manufactures, distributes, markets and/or sells personal care products, including Banana Boat sunscreen products, to consumers nationwide, including California. Edgewell Personal Care Company may be served via its registered agent at: Corporate Creations Network, Inc., 12747 Olive Blvd., #300, St. Louis, MO 63141.

8.     Edgewell Personal Care Brands, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Shelton, Connecticut. Edgewell Personal Care Brands, LLC is a wholly-owned subsidiary of Edgewell Personal Care Company. Edgewell Personal Care Brands, LLC manufactures, distributes, markets and/or sells personal care products, including Banana Boat sunscreen products, to consumers nationwide, including California. Edgewell Personal Care Brands, LLC may be served via its registered agent at: Corporate Creations Network, Inc., 12747 Olive Blvd., #300, St. Louis, MO 63141.

9.      Edgewell Personal Care, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Shelton, Connecticut. Edgewell Personal Care, LLC is a wholly-owned subsidiary of Edgewell Personal Care Company. Edgewell Personal Care, LLC manufactures, distributes, markets and/or sells personal care products, including Banana Boat sunscreen products, to consumers nationwide, including California. Edgewell Personal Care, LLC may be served via its registered agent at: Corporate Creations Network, Inc., 12747 Olive Blvd., #300, St. Louis, MO 63141.

10.     At all relevant times, each and every "Edgewell" Defendant was acting as an agent and/or employee of each of the other "Edgewell" Defendants with respect to the manufacturing, marketing, selling and/or distributing of Banana Boat sunscreen products, and was the owner, agent, servant, joint-venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment with the full knowledge and consent of each of the other "Edgewell" Defendants. On information and belief, each of the acts and/or omissions complained of herein were made known to, and ratified by, each of the other "Edgewell" Defendants. All three "Edgewell" Defendants will be referred to collectively, hereinafter, as "Edgewell."

11.     Playtex Products, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Shelton, Connecticut. Playtex Products, LLC is a wholly-owned subsidiary of Edgewell Personal Care Company. Playtex Products, LLC manufactures, distributes, markets and/or sells Banana Boat sunscreen products as one of its brands to consumers nationwide, including California. Playtex Products, LLC may be served via its registered agent at: Corporate Creations Network, Inc., 3411 Silverside Road, Tatnall Building, Ste., 104, Wilmington, DE 19810.

12.     Sun Pharmaceuticals, LLC ("Sun Pharmaceuticals") is a limited liability company organized under the laws of Delaware with its principal place of business in Shelton, Connecticut. Sun Pharmaceuticals is a wholly-owned subsidiary of Edgewell Personal Care Company. Sun Pharmaceuticals manufactures, distributes, markets and/or sells personal care products, including Banana Boat sunscreen products, to consumers nationwide, including California. Sun Pharmaceuticals may be served via its registered agent at: Corporate Creations Network, Inc., 3411 Silverside Road, Tatnall Building, Ste., 104, Wilmington, DE 19810.

## INTRODUCTION

13.     Defendants manufacture, market, advertise, label, distribute, and/or sell a variety of Banana Boat sunscreen spray/aerosol products and lotions, including:

| 1 | Banana Boat | Spray | Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4 |
| 2 | Banana Boat | Spray | Kids Max Protect & Play Sunscreen C-Spray SPF 100 |
| 3 | Banana Boat | Lotion | Kids Mineral Based Sunscreen Lotion SPF 50+ |
| 4 | Banana Boat | Spray | Kids Sport Sunscreen Lotion Spray SPF 50 |
| 5 | Banana Boat | Spray | Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15 |
| 6 | Banana Boat | Spray | Simply Protect Kids Sunscreen Spray SPF 50+ |
| 7 | Banana Boat | Spray | Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50 |
| 8 | Banana Boat | Spray | Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100 |
| 9 | Banana Boat | Spray | Ultra Sport Clear Sunscreen Spray SPF 100 |
| 10 | Banana Boat | Lotion | Ultra Sport Sunscreen Lotion SPF 100 |
| 11 | Banana Boat | Spray | Ultra Sport Clear Sunscreen Spray SPF 30 |

| 12 | Banana Boat | Spray | Ultra Sport Clear Sunscreen Spray SPF 50 (hereafter collectively referred to as "Sunscreen Products").[2] |

14.    In 2020, Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, ran tests on a variety of Defendants' Sunscreen Products. Specifically, Valisure tested numerous lots of Defendants' spray and lotion Sunscreen Products. Through its testing, Valisure discovered that certain of the Sunscreen Products contain benzene, with values ranging from less than 0.1 parts per million ("ppm"), 0.10 ppm to 2 ppm, and more than 2 ppm. For reference, the National Institute for Occupational Safety and Health ("NIOSH") recommends protective equipment be worn by workers expecting to be exposed to benzene at concentrations of 0.1 ppm and defines "skin absorption" as an exposure route.[3] Benzene is not listed as an active or inactive ingredient on any of the labels of Defendants' Sunscreen Products. Moreover, all of the Sunscreen Products are marketed and advertised in an identical manner — as "Sunscreen."

15.    On May 25, 2021, Valisure filed a citizen petition with the Food and Drug Administration ("FDA") asking the agency to recall all batches of Defendants' sunscreen products that (as tested) contained 0.1 ppm or more of benzene on the basis that they are adulterated under Section 501 of the FDCA (21 U.S.C. § 351) and misbranded under Section 502 of the FDCA (21 U.S.C. § 352). As of this filing, the FDA has not responded to Valisure's citizen petition and Defendants have not taken any action to remove the Sunscreen Product from the market. Pursuant to § 1782 of the Consumers Legal Remedies Act ("CLRA"), Plaintiff has

---

[2] Discovery may reveal additional Sunscreen Products manufactured, sold, and distributed by Defendants that are affected by this action and Plaintiff reserves their right to include any such products in this action.

[3] Centers for Disease Control and Prevention. *The National Institute for Occupational Safety and Health (NIOSH), Benzene* (https://www.cdc.gov/niosh/npg/npgd0049.html).

provided pre-suit notice to Defendants of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the actions detailed herein.[4]

16.     Benzene is used primarily as a solvent in the chemical and pharmaceutical industries, as a starting material and intermediate in the synthesis of numerous chemicals, and in gasoline. The major United States source of benzene is petroleum. The health hazards of benzene have been recognized for over one hundred years. According to the National Toxicology Program ("NTP"), benzene is "*known to be a human carcinogen* based on sufficient evidence of carcinogenicity from studies in humans."[5] Benzene has also been "found to be carcinogenic to humans" by the International Agency for Research on Cancer ("IARC"). Benzene was "[f]irst evaluated by IARC in 1974 . . . and was found to be carcinogenic to humans (Group 1), a finding that has stood since that time."[6] As noted by the IARC:

> In the current evaluation, the Working Group again confirmed the carcinogenicity of benzene based on *sufficient evidence* of carcinogenicity in humans, *sufficient evidence* of carcinogenicity in experimental animals, and *strong* mechanistic evidence. … The Working Group affirmed the strong evidence that benzene is genotoxic, and found that it also exhibits many other key characteristics of carcinogens, including in exposed humans. In particular, benzene is metabolically activated to electrophilic metabolites; induces oxidative stress and associated oxidative damage to DNA; is genotoxic; alters DNA repair or causes genomic instability; is immunosuppressive; alters cell proliferation, cell death, or nutrient supply; and modulates receptor-mediated effects.[7]

---

[4] *See* Exhibit B (Copy of pre-suit notice letters to Defendants Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC).
[5] http://ntp.niehs.nih.gov/go/roc/content/profiles/benzene.pdf (emphasis in original).
[6] Benzene / IARC Working Group on the Evaluation of Carcinogenic Risks to Humans (2017: Lyon, France), at p. 33.
[7] *Id*. at 34.

Likewise, the FDA recognizes that "[b]enzene is a carcinogen that can cause cancer in humans"[8] and classifies benzene as a "Class 1" solvent that should be "avoided."[9]  FDA's Guidance for Industry states that "Solvents in Class 1 . . . should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicities or deleterious environmental effect."[10]

17.    The FDA regulates sunscreens to ensure they meet safety and effectiveness standards.[11] The FDA also regulates sunscreens, including the Sunscreen Product, as over-the-counter ("OTC") drugs rather than as cosmetics. As an FDA-regulated product, sunscreens must pass certain tests before they are sold. As noted on FDA's website,

> Every drug has active ingredients and inactive ingredients.  In the case of sunscreen, active ingredients are the ones that are protecting your skin from the sun's harmful UV rays.  Inactive ingredients are all other ingredients that are not active ingredients, such as water or oil that may be used in formulating sunscreens.[12]

Per the FDA regulations governing Defendants' Sunscreen Products, titled "Sunscreen Drug Products for Over-the-Counter Human Use,"[13] there are certain acceptable active ingredients in products that are labeled as sunscreen.[14]  Benzene, a known human carcinogen, is not on the FDA's list of acceptable active or inactive ingredients for any sunscreen products, regardless of manufacturer. Nor is benzene identified as an active or inactive ingredient on the labels of any of the Defendants' Sunscreen Products. Thus, Defendants' assurances in its

---

[8] https://www.fda.gov/food/chemicals/questions-and-answers-occurrence-benzene-soft-drinks-and-other-beverages#q1.
[9] https://www.fda.gov/media/71737/download.
[10] FDA Guidance for Industry, Q3C Impurities: Residual Solvents (6/30/2017), available at https://www.fda.gov/media/71736/download.
[11] *See generally* 21 CFR §§352.1– 352.77.
[12] https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun.
[13] 21 CFR §352.10.
[14] https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun.

marketing of its Sunscreen Products—e.g., that "[t]his product is safe for its intended use based on the formulation, testing results, and the long history of safe consumer use"—are false and misleading.[15]

18.    The governing regulations provide: "An over-the-counter sunscreen drug product in a form suitable for topical administration is generally recognized as safe and effective and is not misbranded if it meets each condition in this part and each general condition established in 330.1 of this chapter."[16] Defendants failed to meet this standard as further described below.

19.    The manufacture of any misbranded or adulterated drug is prohibited under federal law[17] and California state law.[18]

20.    The introduction into commerce of any misbranded or adulterated drug is similarly prohibited.[19]

21.    The receipt in interstate commerce of any adulterated or misbranded drug is also unlawful.[20]

22.    Among the ways a drug may be adulterated are:

> If it consists in whole or in part of any filthy, putrid, or decomposed substance; or . . . whereby it may have been rendered injurious to health; . . . .[21]

---

[15] https://edgewell.com/wp-content/uploads/2016/08/92014320-BB-Dry-Oil-Spray-SPF-4.pdf.
[16] 21 CFR §352.1
[17] 21 U.S.C. §331(g).
[18] *See* Cal. Health & Safety Code § 111250 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug or device that is adulterated."); Cal. Health & Safety Code § 111330 ("Any drug or device is misbranded if its labeling is false or misleading in any particular.").
[19] 21 U.S.C. §331(a); Cal. Health & Safety Code § 111305 ("It is unlawful for any person to receive in commerce any drug or device that is adulterated or to deliver or proffer for delivery any drug or device.").
[20] 21 U.S.C. §331(c); Cal. Health & Safety Code § 111305.
[21] 21 U.S.C. §351(a)(2)(B). *See* Cal. Health & Safety Code § 111250 ("Any drug or device is adulterated if it consists, in whole or in part, of any filthy, putrid, or decomposed substance."); *see* Cal. Health & Safety Code § 111255 ("Any drug or device is adulterated if it has been produced, prepared, packed, or held under conditions whereby it may have been contaminated with filth, or whereby it may have been rendered injurious to health.").

23.      A drug is misbranded:

(a) "If its labeling is false or misleading in any particular."[22]

(b) If the labeling does not contain, among other things, "the proportion of each active ingredient[.]"[23]

(d) "If it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof."[24]

24.      If a manufacturer labels a drug but omits ingredients (the contaminant), that renders the drug misbranded.[25]

25.      Because Defendants did not disclose benzene, a known human carcinogen, may be present in the Sunscreen Product purchased by Plaintiff and the putative class members, the Sunscreen Product are adulterated and misbranded. As noted by the World Health Organization, there is no "no safe level of benzene" exposure, so it is unsuitable for human application as an ingredient in sunscreen.[26]

---

[22] 21 U.S.C. §352(a)(1). California law similarly states: "Any drug or device is misbranded if its labeling is false or misleading in any particular." Cal. Health & Safety Code § 111330. *See also* Cal. Health & Safety Code § 111285 ("Any drug or device is adulterated if its . . . purity of quality is below, that which it is represented to possess.").

[23] 21 U.S.C. §352(e)(1)(A)(ii); *see* Cal. Health & Safety Code § 111355(a): "Any drug is misbranded unless its label bears . . . all of the following information:... (3) For nonprescription drugs, the quantity or proportion of each active ingredient and the established name of each inactive ingredient in accordance with Sections 502(e)(1)(A)(ii) and (iii) of the federal act (21 U.S.C. 352(e)(1)(A)(ii) and (iii))."

[24] 21 U.S.C. §352(j); *see* Cal. Health & Safety Code § 111400 ("Any drug or device is misbranded if it is dangerous to health when used in the dosage, or with the frequency or duration prescribed, recommended, or suggested in its labeling.").

[25] "The labeling of a drug may be misleading by reason (among other reasons) of: … (2) Failure to reveal the proportion of, or other fact with respect to, an ingredient present in such drug, when such proportion or other fact is material in the light of the representation that such ingredient is present in such drug." 21 C.F.R. §201.10(2). *See* Cal. Health & Safety Code § 111355(b) ("Any drug is misbranded unless its label bears . . . all of the following information: The requirement for stating the quantity of the active ingredients of any drug . . . .").

[26] https://www.who.int/ipcs/features/benzene.pdf.

26.    Defendants wrongfully advertised and sold the Sunscreen Products without any

labeling to indicate to consumers that these products may contain benzene. The following image

shows an example:



27.    Plaintiff has standing to represent members of the putative class because there is

sufficient similarity between the specific product purchased by the Plaintiff and the other

Sunscreen Products not purchased by Plaintiff. Specifically, each and every one of the Sunscreen

Product (i) are marketed in substantially the same way – as "Sunscreen"— and (ii) fail to include

labeling indicating to consumers that the Sunscreen Products may contain benzene as an active

or inactive ingredient. Accordingly, the misleading effect of all of the Sunscreen Products' labels

are substantially the same.

## CLASS ALLEGATIONS

28.    Plaintiff brings this action on behalf of herself and all others similarly

situated class members pursuant to Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of

Civil Procedure and seeks certification of the following class against Defendants for

violations of California state laws (the "Class"):

> All consumers who purchased any lotion or spray Banana Boat Sunscreen Product in the State of California from May 25, 2017 to the present for personal use or consumption.

> Excluded from the Class are individuals who allege personal bodily injury resulting from the use of Sunscreen Product(s). Also excluded from this Class are Defendants, any parent companies, subsidiaries, and/or affiliates, officers, directors, legal representatives, employees, co-conspirators, all governmental entities, and any judge, justice or judicial officer presiding over this matter.

29. The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of the Sunscreen Product who have been damaged by Defendants' conduct as alleged herein. The precise number of Class members is unknown to Plaintiff at this time.

30. Plaintiff's claims are typical to those of all class members because members of the class are similarly injured through Defendants' uniform misconduct described above and were subject to Defendants' deceptive sunscreen claims that accompanied each and every Sunscreen Product product in the Defendants' collection. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

31. Plaintiff's claims raise questions of law and fact common to all members of the Class, and they predominate over any questions affecting only individual Class members. The claims of Plaintiff and all prospective Class members involve the same alleged defect. These common legal and factual questions include the following:

    (a)   whether Defendants' Sunscreen Product contained benzene;

    (b)   whether Defendants' omissions are true, or are misleading, or objectively reasonably likely to deceive;

    (c)   whether the alleged conduct constitutes violations of the laws asserted;

    (d)   whether Defendants' alleged conduct violates public policy;

(e)    whether Defendants engaged in false or misleading advertising;

(f)    whether Plaintiff and the Class members are entitled to damages and/or restitution and the proper measure of that loss; and

(g)    whether an injunction is necessary to prevent Defendants from continuing to market and sell defective and adulterated Sunscreen Products that contain benzene, a known human carcinogen.

32.    Plaintiff and her counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiff has retained counsel experienced in complex litigation and class actions. Plaintiff's counsel has successfully litigated other class action cases similar to that here and have the resources and abilities to fully litigate and protect the interests of the class. Plaintiff intends to prosecute this claim vigorously. Plaintiff has not adverse or antagonistic interests to those of the Class, nor is Plaintiff subject to any unique defenses.

33.    A class action is superior to the other available methods for a fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by the Plaintiff and individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendants. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Further, it is desirable to concentrate the litigation of the Class members' claims in one forum, as it will conserve party and judicial resources and facilitate the consistency of adjudications. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

34.    The Class also may be certified because Defendants have acted or refused to act

on grounds applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

35.     Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent Defendants from engaging in the acts described above, and requiring Defendants to provide full restitution in the form of a refund of the full purchase price of the Sunscreen Product to Plaintiff and Class members.

36.     Unless a Class is certified, Defendants will retain monies received as a result of their conduct that were taken from Plaintiff and the Class members. Unless a Class-wide injunction is issued, Defendants will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

## **FIRST CAUSE OF ACTION**

(Violations of the Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code
§ 17200, *Et Seq.* Against Defendants on Behalf of the Class)

37.     Plaintiff incorporates by reference and re-alleges each and every allegation contained above, as though fully set forth herein.

38.     The UCL prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising…." Cal. Bus. & Prof. Code § 17200.

*Fraudulent Acts and Practices*

39.     Any business act or practice that is likely to deceive members of the public constitutes a fraudulent business act or practice under the UCL. Similarly, any advertising that is deceptive, untrue or misleading constitutes a fraudulent business act or practice under the UCL.

40.     Defendants have engaged, and continue to engage, in conduct that is likely to deceive members of the public. This conduct includes representing in their labels that their Sunscreen Products contain only the ingredients listed in the label, which is untrue, and failing to

make any mention that the Sunscreen Products are adulterated with benzene, a known human carcinogen.

41.    Similarly, Defendants have engaged, and continue to engage, in deceptive, untrue, and misleading advertising by representing that their Sunscreen Products (1) "provide today's busy family with sun protection without worry when used and reapplied as directed,"[27] (2) offer "safe and effective sun protection,"[28] and (3) are "safe for [their] intended use based on the formulation, testing results, and the long history of safe consumer use."[29] Representatives of one or more Edgewell Defendants have further represented to consumers that "all Banana Boat products undergo rigorous testing to ensure they are appropriately labeled and meet all relevant health regulations, including SPF tests."[30] Such representations cannot be true, however, given that independent testing by Valisure has confirmed that certain of Defendants' Sunscreen Products contain a known (but undisclosed) human carcinogen (i.e. benzene). Defendants further market their Sunscreen Products specifically to parents, by offering a Kids and Baby portfolio of Sunscreen Products. These marketing efforts claim to "know families are interested in sunscreen without any extra ingredients like dyes or perfumes – but with the same trusted protection Banana Boat has always provided"[31]—all while failing to disclose to parents that products such as Banana Boat Spray Kids Max Protect & Play Sunscreen C-Spray SPF 100 (as tested by Valisure) contains the "extra ingredient" benzene.

---

[27] https://ir.edgewell.com/news-and-events/press-releases/2018/05-01-2018-130128066?sc_lang=en.
[28] https://ir.edgewell.com/news-and-events/press-releases/2018/05-01-2018-130128066?sc_lang=en.
[29] https://edgewell.com/wp-content/uploads/2016/08/92014320-BB-Dry-Oil-Spray-SPF-4.pdf.
[30] https://www.10news.com/news/national/dermatologists-say-these-sunscreen-ingredients-can-cause-blisters-and-burns-on-some-childrens-skin.
[31] https://ir.edgewell.com/news-and-events/press-releases/2018/05-01-2018-130128066?sc_lang=en.

42.     By committing the acts alleged above, Defendants have engaged in fraudulent business acts and practices, which constitute unfair competition within the meaning of Business & Professions Code §17200.

*Unlawful Acts and Practices*

43.     The violation of any law constitutes an unlawful business practice under Business & Professions Code §17200.[32]

44.     Defendants' conduct also violates Cal. Health & Safety Code § 111730, which prohibits the sale of any misbranded product. The Sunscreen Products, that bear labeling that they did not contain benzene, are "false and misleading in any particular" in violation of Health & Safety Code § 111730.

45.     By violating the FTC Act and/or Cal. Health and Safety Code § 111730, Defendants have engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Cal. Bus. & Prof. Code § 17200.

*Unfair Acts and Practices*

46.      Any business practice that offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers constitutes an "unfair" practice under the UCL.

47.     Defendants have engaged, and continue to engage, in unfair business practices. This conduct includes representing that the Sunscreen Products do not contain benzene when in fact some do contain benzene.

48.     Defendants have engaged, and continue to engage, in conduct that violates the legislatively declared policies of the FTC Act against committing unfair methods of competition

---

[32] Defendants' conduct also violates Section 5 of the Federal Trade Commission "("FTC") Act, 15 U.S.C. § 45, which prohibits unfair methods of competition and unfair or deceptive acts or practices in or affecting commerce.

and unfair or deceptive acts or practices in or affecting commerce. Defendants gained an unfair advantage over its competitors, whose advertising for products must comply with the FTC Act.

49.     Defendants' conduct, including misrepresenting the safety and efficacy of the Sunscreen Products, is substantially injurious to consumers. Consumers are purchasing and, as instructed in the label, "apply[ing] liberally" sunscreen without knowledge that there is a risk the Sunscreen Products are adulterated with a human carcinogen. Moreover, such conduct has, and continues to cause, substantial injury to consumers because consumers would not have paid for sunscreens potentially adulterated with benzene but for Defendants' false labeling, advertising, and promotion. Thus, Plaintiff and the putative Class have "lost money or property" as required for UCL standing, and such an injury is not outweighed by any countervailing benefits to consumers or competition.

50.     Indeed, no benefit to consumers or competition results from Defendants' conduct. Since consumers reasonably rely on Defendants' representation of the ingredients contained in the Sunscreen Products' labels and injury resulted from ordinary use of the Sunscreen Products, consumers could not have reasonably avoided such injury.

51.     By committing the acts described above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of the UCL.

52.     As a result of the conduct described above, Defendants have been unjustly enriched at the expense of the Plaintiff and the putative Class.

53.     An action for injunctive relief and restitution is specifically authorized under Cal. Bus. & Prof. Code 17203.

54.     Wherefore, Plaintiff prays for judgement against Defendants, as set forth hereafter. Defendants' conduct with respect to the labeling, advertising, marketing, and sale of the Sunscreen Products is unfair because Defendants' conduct was immoral, unethical,

unscrupulous, or substantially injurious to consumers and the utility of its conduct, if any, does not outweigh the gravity of the harm to its victims.

55.     In accordance with California Business & Professions Code section 17203,[33] Plaintiff seeks an order enjoining Defendants from continuing to conduct business through fraudulent or unlawful acts and practices and to commence a corrective advertising campaign. Defendants' conduct is ongoing and continuing, such that prospective injunctive relief is necessary.

56.     On behalf of Plaintiff and the putative Class, Plaintiff also seeks an order for the restitution of all monies spent on the Sunscreen Products, which were acquired through acts of fraudulent, unfair, or unlawful competition.[34] In addition, because there is a risk the Sunscreen Products contain benzene, a known human carcinogen, the measure of restitution should be rescission and full refund insofar as the Sunscreen Product products and their associated labels are worthless. But for Defendants' misrepresentations and omissions, Plaintiff would have paid nothing for Sunscreen Products that have a risk of containing a known human carcinogen (i.e. benzene). Indeed, there is no discernible "market" for an over-the-counter sunscreen product that may be adulterated with a known human carcinogen. As recognized by the World Health Organization, "[b]enzene is carcinogenic to humans, and no safe level of benzene can be recommended."[35] As a result, the Sunscreen Products are rendered valueless.

## SECOND CAUSE OF ACTION

---

[33] "Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction." Cal. Bus. & Prof. Code § 17203.

[34] "Actions for relief pursuant to this chapter shall be prosecuted . . . by a person who has suffered injury in fact and lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.
"The court may make such orders or judgments . . . as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code § 17203.

[35] https://www.who.int/ipcs/features/benzene.pdf.

(Violations of California's False Advertising Law, California Business & Professions
Code §§17500, Et. Seq., Against Defendants on Behalf of the Class)

57.     Plaintiff incorporates by reference and re-alleges each and every allegation
contained above, as though fully set forth herein.

58.     California's False Advertising Law prohibits any statement in connection with the
sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code §17500.

59.     As set forth herein, Defendants' claims that their Sunscreen Products' ingredients
do not contain benzene are false and likely to deceive the public because some of Defendants'
Sunscreen Products do in fact contain benzene.

60.     Similarly, Defendants' advertising claims that their Sunscreen Products'
ingredients are safe and effective are untrue or misleading because these claims fail to disclose
that the Sunscreen Products may in fact be adulterated by containing a known human carcinogen
-- specifically, benzene.

61.     Defendants knew, or reasonably should have known, that the claims were untrue
or misleading.

62.     Defendants' conduct is ongoing and continuing, such that prospective injunctive
relief is necessary, especially given Plaintiff's desire to purchase Defendants' Sunscreen
Products in the future if they can be assured that the Sunscreen Products are unadulterated and
meet the advertising claims. Absent injunctive relief, Defendants may continue to advertise,
promote and sell adulterated Sunscreen Products that deceive the public as to their ingredients
and safety. Plaintiff is thus likely to again be wronged in a similar way. For instance, if Plaintiff
encounters Defendants' Sunscreen Products in the future and there is risk those products still
contain benzene, Plaintiff may mistakenly rely on the product's label to believe that Defendants
eliminated benzene when they did not.

63. Plaintiff and members of the Class are entitled to injunctive and equitable relief, and restitution in the amount they spent on the Sunscreen Products.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment against the Defendants as to each and every count, including:

A.    An order declaring this action to be a proper class action, appointing Plaintiff and their counsel to represent the Class, and requiring Defendants to bear the costs of class notice;

B.    An order enjoining Defendants from selling the Sunscreen Products;

C.    An order enjoining Defendants from suggesting or implying that they are safe and effective for human application;

D.    An order requiring Defendants to engage in a corrective advertising campaign and engage in any further necessary affirmative injunctive relief, such as recalling existing Sunscreen Products;

E.    An order awarding declaratory relief, and any further retrospective or prospective injunctive relief permitted by law or equity, including enjoining Defendants from continuing the unlawful practices alleged herein, and injunctive relief to remedy Defendants' past conduct;

F.    An order requiring Defendants to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the Unfair Competition Law, plus pre- and post-judgment interest thereon;

G.    An order requiring Defendants to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

H.      An order requiring Defendants to pay all actual and statutory damages permitted under the counts alleged herein;

I.      An order awarding attorneys' fees and costs to Plaintiff and the Class; and

J.      An order providing for all other such equitable relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: May 25, 2021

By: Sin-Ting Mary Liu
AYLSTOCK, WITKIN, KREIS &
OVERHOLTZ, PLLC
SIN-TING MARY LIU (282884)
17 East Main Street, Suite 200
Pensacola, FL 32502
Telephone: 850-202-1010
Facsimile: 850-916-7449
E-mail: mliu@awkolaw.com
Attorney for Plaintiff