# EXHIBIT B



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
† Of counsel

17 EAST MAIN STREET, SUITE 200 • PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 • FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Edgewell Personal Care Brands, LLC
6 Research Drive
Shelton , CT, 06484-6228

**Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)   by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)   by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)   by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)   by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:     Edgewell Personal Care Company
        Edgewell Personal Care Brands, LLC
        Edgewell Personal Care, LLC
        Playtex Products, LLC
        Sun Pharmaceuticals, LLC

3



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
†Of counsel

17 EAST MAIN STREET, SUITE 200 • PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 • FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Edgewell Personal Care Company
6 Research Drive
Shelton, CT 06484

**Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)    by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:     Edgewell Personal Care Company
        Edgewell Personal Care Brands, LLC
        Edgewell Personal Care, LLC
        Playtex Products, LLC
        Sun Pharmaceuticals, LLC

3



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, AL)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
† Of counsel

17 EAST MAIN STREET, SUITE 200 · PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 · FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Edgewell Personal Care, LLC
1350 Timberlake Manor Pkwy., Ste. 300
Chesterfield, MO 63017-6042

**Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)    by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:     Edgewell Personal Care Company
        Edgewell Personal Care Brands, LLC
        Edgewell Personal Care, LLC
        Playtex Products, LLC
        Sun Pharmaceuticals, LLC

3



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
† Of counsel

17 EAST MAIN STREET, SUITE 200 · PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 · FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Edgewell Personal Care, LLC
1350 Timberlake Manor Pkwy., Ste. 300
Chesterfield, MO 63017-6042

**Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)     by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:    Edgewell Personal Care Company
       Edgewell Personal Care Brands, LLC
       Edgewell Personal Care, LLC
       Playtex Products, LLC
       Sun Pharmaceuticals, LLC

3



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
†Of counsel

17 EAST MAIN STREET, SUITE 200 • PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 • FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Energizer Holdings, Inc.
533 Maryville University Drive
St. Louis, Missouri 63141

   **Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

   Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

   These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

   Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)     by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:     Edgewell Personal Care Company
        Edgewell Personal Care Brands, LLC
        Edgewell Personal Care, LLC
        Playtex Products, LLC
        Sun Pharmaceuticals, LLC

3



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
†Of counsel

17 EAST MAIN STREET, SUITE 200 • PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 • FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Playtex Products, LLC
6 Research Drive, Suite 400
Shelton, CT, 06484-6228

**Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)     by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)     by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)     by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)    by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:     Edgewell Personal Care Company
        Edgewell Personal Care Brands, LLC
        Edgewell Personal Care, LLC
        Playtex Products, LLC
        Sun Pharmaceuticals, LLC

3



BRYAN F. AYLSTOCK (FL, AL, MS)*
JUSTIN G. WITKIN (FL, MS)
DOUGLASS A. KREIS (FL)
NEIL D. OVERHOLTZ (FL)
R. JASON RICHARDS (FL, CO)
BOBBY J. "BRAD" BRADFORD (FL, AL)
STEPHEN H. ECHSNER (FL)
D. RENÉE BAGGETT (FL)
DANIEL J. THORNBURGH (FL, MN)
NATHAN C. BESS (FL)
* States in which attorney is licensed to practice law

E. SAMUEL "SAM" GEISLER (FL, IL)
JENNIFER M. HOEKSTRA (LA)
JAMES D. BARGER (PA, NJ)
CHELSIE R. WARNER (MT, NV, WA)
S. MARY LIU (CA, FL)
SAMANTHA M. KATEN (FL, NC, CO)
CAITLYN P. MILLER (FL, AL)
D. NICOLE GUNTNER (NY)
LYDIA T. LUCIUS (AL, MO)
MARYBETH PUTNICK (DE, NJ)†
† Of counsel

17 EAST MAIN STREET, SUITE 200 · PENSACOLA, FLORIDA 32502
PHONE: (850) 202-1010 · FAX: (850) 916-7449

May 25, 2021

**SENT VIA CERTIFIED MAIL**
GENERAL COUNSEL
Sun Pharmaceuticals, LLC
Corporate Creations Network, Inc.
3411 Silverside Road, Tatnall Building, Ste., 104
Wilmington, DE 19810

**Re: Beth Bowen v. Energizer Holdings, Inc., et al.**

Dear Sir or Madam:

Our law firm represents Beth Bowen, individually, and all other consumers similarly situated in an action against Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC (collectively "Defendants"), arising out of, among other conduct, misrepresentation, either express or implied, by Defendants by failing to divulge to consumers that various Banana Boat sunscreen products[1] contain benzene, a known human carcinogen.

These claims are based on recent disclosures and information made available by Valisure LLC and ValisureRX LLC ("Valisure"), an analytical pharmacy, who performed tests on numerous lots of Defendants' Products and found that these Products contained benzene. As a result of its findings, Valisure has filed a cititzen petition with the Food and Drug Administration.

Ms. Bowen and others similarly situated purchased the Products in the Banana Boat collection unaware that the Products may be adulterated with benzene. Ms. Bowen and others similarly situated would not have purchased the Products had they known they might be adulterated with benzene. The full claims, including facts and circumstances surrounding these

---

[1] These products include: Deep Tanning Dry Oil Clear Sunscreen Spray SPF 4, Kids Max Protect & Play Sunscreen C-Spray SPF 100, Kids Mineral Based Sunscreen Lotion SPF 50+, Kids Sport Sunscreen Lotion Spray SPF 50, Protective Dry Oil Clear Sunscreen Spray with Coconut Oil FPS 15, Simply Protect Kids Sunscreen Spray SPF 50+, Simply Protect Sensitive Mineral Enriched Sunscreen Lotion Spray SPF 50, Ultra Defense Ultra Mist Clear Sunscreen Spray SPF 100, Ultra Sport Clear Sunscreen Spray SPF 100, Ultra Sport Sunscreen Lotion SPF 100, Ultra Sport Clear Sunscreen Spray SPF 30, Ultra Sport Clear Sunscreen Spray SPF 50 (collectively "Products"). Plaintiffs reserve the right to include other products upon completion of discovery.

claims, are detailed in the Class Action Complaint, a copy of which is enclosed and incorporated by this reference.

Defendants' labeling of the ingredients contained in the Products are false and misleading and constitute unfair methods of competition and unlawful, unfair, and fraudulent acts or practices. The Products' labeling does not identify benzene as an ingredient (active or inactive), even though benzene was found by Valisure to be present in several lots of such Products. Defendants' also advertise their Products' ingredients as safe and effective, which is false. These false labeling claims were made by Defendants either intentionally or recklessly. Failing to list benzene as an ingredient in the Products does not assist consumers; it simply misleads them. And worse, it potentially endangers consumers' health and safety by unnecessarily exposing them to a known human carcinogen.

Defendants' failure to list benzene as an ingredient in the Products violates California Civil Code § 1770(a), under the following subdivisions:

(5)  by representing that the Products have characteristics, uses and/or benefits which they do not;

(7)  by representing that the Contaminated Sunscreens were of a particular standard, quality, or grade which they are not;

(9)  by advertising the Contaminated Sunscreens with intent not to sell them as advertised; and

(16)  by representing that the Contaminated Sunscreens have been supplied in accordance with previous representations when they have not.

California Civil Code section §1770(a)(5)-(16).

Defendants' claims also constitute violations of California Business and Professions Code § 17200, *et seq.* and California Civil Code § 1750 *et seq.*

While the Class Action Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code § 1782, we hereby demand on behalf of our client and all others similarly situated that Defendants immediately correct and rectify this violation of California Civil Code § 1770 by ceasing the misleading marketing campaign and ceasing dissemination of false and misleading information described in the enclosed Class Action Complaint. In addition, Ms. Bowen demands that Defendants offer to refund the purchase price to all consumer purchasers of these Products, plus reimbursement for interest, costs, and fees.

Plaintiff will, after 30 days from your receipt of this letter, amend the Class Action Complaint without leave of court, as permitted by California Civil Code § 1782, to include claims for actual damages if a full and adequate response to this letter is not received. These damage claims would include those already asserted in the enclosed Class Action Complaint as well as claims under the Consumers Legal Remedies Act. Thus, to avoid the assertion of additional claims, it is in the interest of all parties concerned that Defendants address these violations immediately.

P.O. Box 12630
Pensacola, Florida 32591

433 Plaza Real Blvd Ste. 271
Boca Raton, Florida 33432

Defendants must undertake all of the following actions to satisfy the requirements of California Civil Code § 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject Products identified in footnote 1 herein;

2. Notify all such purchasers so identified that upon their request, Defendants will offer an appropriate remedy for their wrongful conduct, which will include a full refund of the purchase price paid for such Products, plus interest, costs and fees;

3. Undertake (or promise to undertake within a reasonable time if it cannot be done immediately) the actions described above for all the Product purchasers who so request; and

4. Cease from continuing to expressly or impliedly represent to consumers that these Products are "safe" when there is no reasonable basis for so claiming given that the Products may contain a known human carcinogen, as more fully described in the enclosed Class Action Complaint.

We await your response.

Regards,

R. Jason Richards

RJR:cgd
Enclosures
cc:     Edgewell Personal Care Company
        Edgewell Personal Care Brands, LLC
        Edgewell Personal Care, LLC
        Playtex Products, LLC
        Sun Pharmaceuticals, LLC

3