UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 21-4356-MWF (AGRx)  **Date:**  August 29, 2022
**Title:**  Beth Bowen v. Energizer Holdings, Inc., et al.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT [50]; DENYING MOTION TO STRIKE NOTICE OF DECISION BY OTHER COURT [66/68]

Before the Court is Defendants Energizer Holdings, Inc., Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC, Playtex Products, Inc., and Sun Pharmaceuticals, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (the "Motion"), filed on August 30, 2021.  (Docket No. 50). Plaintiff Beth Bowen filed an Opposition on November 8, 2021.  (Docket No. 55). Defendants filed a Reply on November 22, 2021.  (Docket No. 58).

The Motion was noticed to be heard on **December 6**, **2021**.  The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore **VACATED** and removed from the Court's calendar.  Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **GRANTED** *with leave to amend*.  Plaintiff has not adequately alleged a particularized injury sufficient to give her standing, as she does not allege that the sunscreen she purchased was from a batch contaminated with benzene or that her sunscreen actually contained benzene, only that there was some possibility of the sunscreen containing benzene.

---

**CIVIL MINUTES—GENERAL**                                                              1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-4356-MWF (AGRx)           Date: August 29, 2022
Title: Beth Bowen v. Energizer Holdings, Inc., et al.

## I.    BACKGROUND

Plaintiff filed her First Amended Complaint on July 23, 2021. (*See* Docket No. 39 ("FAC")). Plaintiff's FAC is a putative class action complaint, alleging a class of consumers that purchased Banana Boat branded sunscreen products produced and sold by Defendants. (*See id*. ¶ 1). Plaintiff alleges that, based on testing done by Valisure LLC and ValisureRX LLC (collectively, "Valisure"), third-party pharmacy companies, certain of Defendants' Banana Boat sunscreens contain benzene, a known carcinogen. (*See id*. ¶¶ 14–16). Plaintiff further alleges that the Food and Drug Administration ("FDA") does not permit benzene to be used as an active or inactive ingredient in sunscreen, and because certain of Defendants' sunscreens do contain benzene, the sunscreen is accordingly misbranded or adulterated and, contrary to Defendants' advertising, not safe for use by consumers. (*See id*. ¶¶ 17–25). Plaintiff's proposed class definition includes all purchasers of Defendants' Banana Boat sunscreen in California between May 25, 2017 and the present, but excludes those who were allegedly physically harmed by the sunscreen. (*See id*. ¶ 28).

Plaintiff alleges claims for relief for: 1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code section 17200 *et seq*.; 2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code section 17500 *et seq*.; 3) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Bus. & Prof. Code section 1750 *et seq*.; 4) unjust enrichment on a quasi-contract theory; 5) negligent misrepresentation and omission; 6) breach of express warranty; 7) breach of implied warranty; 8) product liability on a failure to warn theory; and 9) product liability on a manufacturing defect theory. (*See id*. ¶¶ 37–114).

The FAC prays for relief in the form of class certification, injunctive relief, declaratory relief, restitution, disgorgement, actual and statutory damages, and attorney's fees and costs. (*See id.* at 29).

## II.    LEGAL STANDARD

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4356-MWF (AGRx)            **Date:** August 29, 2022

**Title:** Beth Bowen v. Energizer Holdings, Inc., et al.

complaint's allegations must be accepted as true. *Id*. "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack." *Brooke v. Superb Hosp., LLC*, No. 1:20-CV-0103 AWI SAB, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-4356-MWF (AGRx)           Date: August 29, 2022

Title: Beth Bowen v. Energizer Holdings, Inc., et al.

complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

     Rule 9(b) provides that parties alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To comply with the strictures of Rule 9(b), the plaintiff must allege "the who, what, when, where, and how of the misconduct charged," and explain "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003)). This standard applies to claims brought for false advertising under the Lanham Act predicated on fraud. *See id*.; *see also EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp.*, 711 F. Supp. 2d 1074, 1085 (C.D. Cal. 2010) (internal citations omitted).

### III.   DISCUSSION

#### A.   Motion to Strike

     On March 23, 2022, Defendants filed a Notice of Decision of Supplemental Authorities in support of the Motion. (Docket No. 65). Plaintiff filed her Motion to Strike Notice of Decision of other Court (the "MTS") on March 24, 2022. (Docket Nos. 66, 68). Defendants filed an opposition on April 4, 2022. (Docket No. 69).

     As the Notice of Decision contains no improper supplemental argument, and only notifies the Court of other relevant authority, the Court sees no grounds to strike the Notice.

     Accordingly, the MTS is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-4356-MWF (AGRx)                                        Date:  August 29, 2022
Title:  Beth Bowen v. Energizer Holdings, Inc., et al.

     **B.**     **The Motion**

Defendants' Motion seeks to dismiss the FAC on the bases that Plaintiff lacks standing, that Plaintiff's claims are preempted, and that Plaintiff fails to state a claim. (*See* Motion at 1).

*Standing*:  Defendants first argue that Plaintiff lacks Article III standing because she fails to allege an injury-in-fact, namely one that is particularized and not an economic injury based on a speculative risk of harm.  (Memorandum (Docket No. 50-1) at 5–9).  More specifically, Defendants argue that Plaintiff's allegations do not plausibly allege injury because she fails to plead that her specific sunscreen was adulterated and that third party testing has been found an insufficient basis for claims like Plaintiff's. (*See id.* at 6–7).  Defendants also argue Plaintiff's alleged economic injury is hypothetical and conjectural.  (*See id.* at 7–9).  Defendants further argue that Plaintiff does not have standing under the UCL, FAL, or CLRA because she does not plead any reliance on the advertisements.  (*See id.* at 9–10).

In the Opposition, Plaintiff argues she has adequately pled injury because she alleges that each and every product failed to indicate the potential presence of benzene, that the advertising was false because it did not disclose benzene, and she would not have purchased products had she known of the presence of benzene, thus losing money.  (*See* Opposition at 6–7).  Plaintiff further argues the injury affected her in a personal and individual way because she was misled by the failure to disclose benzene. (*See id.* at 8–10).  Plaintiff also disputes that she has not adequately pled reliance because there are elements of the advertising that could deceive a reasonable consumer.  (*See id.* at 15–16).

Defendants' Reply contends that Plaintiff has failed to establish standing because she seeks to expand standing to encompass any situation where there is any risk of contamination in a product.  (*See* Reply at 9).  Defendants further argue that Plaintiff fails to plead that the products she specifically purchased contained benzene, instead pleading only that there was a risk of the products containing benzene, and that her alleged economic injury is based in the hypothetical chance of the products containing benzene.  (*See id.* at 10–11).  Defendants argue again that Plaintiff has not

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 21-4356-MWF (AGRx)          Date:  August 29, 2022
Title:  Beth Bowen v. Energizer Holdings, Inc., et al.

pled reliance on the allegedly deceptive advertisements, failing to plead anything beyond legal conclusions unsupported by facts concerning her reliance.  (*See id.* at 13–14).

In order to establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, (1992)).  "[A] plaintiff must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environ. Svcs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (internal citations omitted).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016), as revised May 24, 2016 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).  For an injury to be particularized, it must affect the plaintiff in a personal and individual way.  *Id.*  For an injury to be concrete, it must actually exist.  *Id.* at 340.

The Court agrees that Plaintiff has failed to adequately allege standing, as she has not shown that any injury is particularized.  The FAC alleges that "Plaintiff purchased numerous Banana Boat brand sunscreen products" between 2017 and 2020.  (FAC ¶ 5).  The FAC further alleges that "Valisure discovered that **certain** of the Sunscreen Products contain benzene."  (*Id.* ¶ 14 (emphasis added)).

Nowhere in the FAC does Plaintiff allege that she purchased sunscreen included in the batches identified by Valisure as potentially containing benzene, much less that she used that product and was therefore potentially exposed to benzene.  As the FAC states, Valisure petitioned the FDA to "recall all batches of Defendants' sunscreen products that (**as tested**) contained 0.1 ppm or more of benzene."  (*Id.* ¶ 15 (emphasis added)).  The FAC does not allege that Valisure extrapolated its statements more broadly, such as across ***all*** of Defendants' sunscreen products, such that there is a basis for questioning whether the sunscreen Plaintiff purchased contained benzene.  Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 21-4356-MWF (AGRx) | Date: August 29, 2022 |
| Title: Beth Bowen v. Energizer Holdings, Inc., et al. | |

also does not allege that she had her sunscreen specifically tested and found that it contained benzene.

Plaintiff's claim is based on the ***hypothetical*** possibility that the products she purchased ***may*** have contained benzene – not that she purchased a product that demonstrably did contain benzene, such as from a batch identified by Valisure. It is unclear from the FAC whether Plaintiff's purchases even overlapped with the times the batches tested by Valisure were available on the market, as the FAC only states that Plaintiff purchased the products "between 2017 and 2020," and that Valisure ran its tests "[i]n 2020." (*Id.* ¶¶ 5, 14).

This action, then, is distinguishable from Plaintiff's cited authority, *Dana v. Hershey Company*, because there "[t]he parties agree[d] that Hershey currently cannot trace the cocoa used in a particular Hershey chocolate product to a specific plantation," thereby making it impossible to know whether child labor was used in the making of the products that were purchased. 180 F. Supp. 3d 652, 660–61 (N.D. Cal. March 29, 2016). Here, it is distinctly possible to know whether Plaintiff purchased sunscreen in a batch tested by Valisure based on the lot number and/or UPC number, but no such allegation exists in the FAC.

Taken to its logical extreme, Plaintiff's position would grant her standing to sue any manufacturer because there was some chance of a defect in the product she purchased, regardless of whether or not she actually purchased a product in the affected batch – Plaintiff could sue an automobile manufacturer after purchasing a car because another car made by the manufacturer had some putative defect, even if her car was demonstrably made at an entirely different factory at an entirely different time period.

Plaintiff has not adequately pled that her injury is sufficiently particularized to demonstrate standing because there are no allegations Plaintiff's sunscreen actually contained benzene – only an attenuated possibility that the sunscreen may have contained benzene. The Motion must accordingly be **GRANTED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-4356-MWF (AGRx)            **Date:** August 29, 2022

Title: Beth Bowen v. Energizer Holdings, Inc., et al.

### IV. **CONCLUSION**

The Motion is **GRANTED** *with leave to amend*. Plaintiff must file any Second Amended Complaint ("SAC") no later than **September 9**, **2022**. Failure to file an SAC will result in dismissal of the action. While there may be a Second Amended Complaint, there will be no Third. Any future successful motion to dismiss will be granted without leave to amend.

IT IS SO ORDERED.